JOSEPH J. MITCHELL ET AL. v. THE A & B COAL CO., INC.

SUPERIOR COURT     HARTFORD COUNTY     FILE NO. 77466

Memorandum filed November 12, 1946.

*Moses A. Berman, Abraham Friedman* and *Samuel Friedman,* of Hartford, for the Plaintiff.

*Beizer & Beizer,* of Hartford, for the Defendant.

INGLIS, J.  This is an action for specific performance of a claimed contract to sell real estate.  It appears from the complaint, as supplemented by oyer, that the plaintiffs are standing on a verbal agreement made with them by Heffron and Bennett, real estate brokers.  In order to take the contract out of the Statute of Frauds they are relying exclusively on a written agreement executed by the president of the defendant company, duly authorized, whereby he gave to Heffron and Bennett the exclusive agency to sell the property in question, adequately described in the contract, for the price of $18,000.

It is, of course, fundamental that the written memorandum required by the Statute of Frauds must state all of the essential terms of the agreement.  There are at least two essential terms to any contract of sale which are lacking in the exclusive agency contract in this case.  They are, first, the fact that a sale has been made and, second, the name of the purchaser.  Obviously, the agency contract does not state that a sale has been made or is being made because it was in no sense a contract of sale.  At most it simply authorizes the brokers to make a sale.  Likewise, it necessarily fails to state the name of the purchaser because at the time it was entered into there was no one who had agreed to purchase.

Upon argument the plaintiffs made the contention that the agency agreement was a written memorandum of a contract entered into for the benefit of a third-party beneficiary and that the plaintiffs were that third-party beneficiary.  The fallacy of that contention lies in the fact that it is not the agency contract which the plaintiffs are seeking to enforce.  What they are seeking to enforce is a verbal agreement made by the agents, which is quite a different thing.

For the foregoing reasons the demurrer is sustained.